IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BAIN ENTERPRISES, LLC, <br> d/b/a BAIN CONSTRUCTION, <br>     Plaintiff, <br><br> v. <br><br> UNITED FIRE & CASUALTY <br> COMPANY, an Iowa Corporation, <br>     Defendant. | § § § § § § § § § § | No. EP-14-CV-00472-ATB <br> (by consent) |

## ORDER

On this day, the Court considered "Plaintiff Bain Enterprises, LLC d/b/a Bain Construction's Motion to Amend Conclusions of Law, Motion to Amend Judgment, and Motion for New Trial" ("Bain's Motion for New Trial") (ECF. No. 146) filed by Plaintiff Bain Enterprises, LLC ("Bain") on September 5, 2017, and "United Fire and Casualty Company's Response to Plaintiff Bain Enterprises, LLC, d/b/a Bain Construction's Motion to Amend Conclusions of Law, Motion to Amend Judgment, and Motion for a New Trial" ("United Fire's Response") (ECF. No. 147), filed by Defendant United Fire and Casualty Company ("United Fire") on September 15, 2017.

After reviewing the parties' moving papers and the applicable law, the Court orders that Bain's Motion for New Trial is **DENIED**.

## I. BACKGROUND

The Bench Trial in the above case was originally scheduled for May 15, 2017. (ECF. No. 99). However, on May 9, 2017, the parties filed a "Joint Motion Requesting the Court to Decide the Case on Submissions by the Parties." (ECF. No. 129). Therein, the parties represented that "they [would] be able to submit an agreed statement of facts to the Court . . . such that an evidentiary trial [would] not be necessary" and "[t]he Parties also represent[ed] to the Court that

only legal questions remain[ed]." (*Id*.). After receiving the parties' Agreed Stipulated Facts, the Court vacated the trial setting and directed the filing of trial briefs. (ECF. Nos. 134, 135).

Prior to receiving the parties' trial briefs, the Court received a near 500 page lodgment in contravention of the parties' representation that "only legal questions remain." (*See* ECF. Nos. 129, 136). Nevertheless, although not required to do so, the Court considered this additional non-stipulated evidence in the alternative. (*See* ECF. Nos. 137-140).

On July 25, 2017, the Court issued its Findings of Fact & Conclusions of Law. (ECF. No. 141). Therein, the Court ruled for United Fire regarding Bain's Duty to Indemnify claim, *inter alia*, because: (1) Bain had not sufficiently identified what damages constituted its claim; (2) the Agreed Stipulated Facts lacked any information regarding the location, extent, or timing of the damages; (3) even considering the non-stipulated evidence, the Court made the factual finding that some damage occurred to Main, Brown, McKinney, and Lawson Streets prior to the September 2013 Rainstorm, and accordingly, Bain failed to prove its claim was covered by United Fire's policy; and (4) Bain failed to segregate its damages. (ECF. No. 141).

On September 5, 2017, Bain filed its Motion for New Trial. (ECF. No. 146). On September 15, 2017, United Fire filed its Response. (ECF. No. 147). Accordingly, the instant motion is now ripe for the Court to adjudicate.

## II. LEGAL STANDARD

Rule 52(b) and Rule 59(e) motions are governed by a similar standard. *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 F. App'x 418, 420 (5th Cir. 2015) (per curiam) (collecting cases). Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). Accordingly, amending a judgment under Rule 59(e) is appropriate: (1) where there has been an intervening change in the controlling law; (2)

where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or an obvious mistake or departure from the truth." *Berezowsky v. Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (internal quotation marks and citation omitted); *Niagara Fire Ins. Co. v. Everett*, 292 F.2d 100, 103 (5th Cir. 1961). ("The findings of the district court are not lightly to be set aside."). Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008). In sum, Rule 59(e) does not exist to give a movant a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Similarly, under Rule 52(b), "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Rule 52(b) exists "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). Consequently, Rule 52(b) should not be used to relitigate old issues, advance new theories, or secure a rehearing on the merits. *Id*.

### III. ANALYSIS

Bain raises the following arguments in support of its Motion for New Trial:

(1) the parties did not stipulate that the Agreed Stipulated Facts would be the only facts necessary for the Court's determination, that the parties would apply the facts in the same way, or that the Court need not look beyond these facts;

(2) Bain was clear regarding the damages it sought to be covered under United Fire's policy and did not seek damages outside of the coverage period;

(3) the testimony of David Varela establishes that "the damages" to Main Street, and the adjacent yards, occurred after the September 2013 Rainstorm;

(4) a lack of segregation of damages does not preclude a finding of damages; and

(5) because the Court should have ruled in its favor, Bain argues that the Court should allow briefing on the issue of attorney's fees.

(ECF. No. 146). United Fire simply responds that Bain attempts to relitigate evidence previously before the Court, which is improper. (ECF. No. 147).

### a. The Agreed Stipulated Facts

Bain's argument that the parties did not agree to the sufficiency of the Agreed Stipulated Facts is without merit. Contrary to Bain's argument, the parties represented that:

> The Parties have met, conferred and represent to the Court that they will be able to submit an agreed statement of facts . . . such that an evidentiary trial will not be necessary. The Parties also represent to the Court that *only legal questions remain* to be decided and request the Court to allow the Parties to present their respective *legal arguments* through trial briefs.

(ECF. No. 129) (emphasis added). The ordinary understanding of "only legal questions remain" is that material factual disputes no longer exist. *See e.g.*, *Old Bridge Bd. of Educ. v. R.D.*, 2015 U.S. Dist. LEXIS 94888, at *8 (D.N.J. 2015) (If no factual record needs to be developed and no evidentiary disputes remain, . . . the matter is purely legal . . . .") (collecting cases); Fed. R. Civ. P. 56(a) (when something can be decided "as a matter of law" no genuine factual disputes exists.). Accordingly, the parties represented to the Court that no material factual disputes remained, and therefore that the Court need not consider other material facts when adjudicating the legal issues.

To the extent that Bain now realizes it agreed to an insufficient factual basis, this cannot constitute the basis of a new trial motion. First, parties are bound by their stipulations as written. *Provident Fin., Inc. v. Strategic Energy L.L.C.*, 404 F. App'x 835, 838 n.3 (5th Cir. 2010) (The

parties are bound to their factual stipulations, which "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."); *United States v. Texas*, 523 F. Supp. 703, 744 (E.D. Tex. 1981). Second, the Court cannot grant Bain a second bite at the apple for its strategic decisions, however unsuccessful. *See Sequa Corp.*, 156 F.3d at 144. Accordingly, the Court finds that Bain fails to identify a manifest error regarding the sufficiency of the Agreed Stipulated Facts.

Therefore, because Bain stipulated to an insufficient background and failed to meet its burden under the duty to indemnify standard, this alone supports the Court's finding that United Fire had no duty to indemnify Bain. (*See* ECF. No. 141, p. 11-12). Nonetheless, the Court will address Bain's remaining arguments in its Motion for New Trial.

    b.        **Bain's Claim**

Bain's allegation that it was clear regarding its claim is without merit. In making this argument, Bain cites various, often somewhat contradictory, portions of the record regarding the damages it sought to have covered. (ECF. No. 146, p. 3-5). Bain's argument can be summarized by its previous contention that:

> *Most, if not all,* of the damages from the September 2013 Storm for which Bain seeks indemnification from Defendant was isolated to Main Street and approximately eight yards on one side of the street.

(ECF. No. 146, p. 3) (citing ECF. No. 140, p. 2). It is disingenuous to contend that Bain was clear regarding its claim by using the phrase "most, if not all." Such a phrase leaves the Court to guess whether there were other claims for which Bain sought coverage. Indeed, during his deposition, Scott Bain failed to identify what street damages constituted his claim against United Fire.[1] (*See* Bain Dep. 89-95). Moreover, by pointing to miscellaneous portions of the record,

---

[1]     Specifically, Scott Bain and opposing counsel engaged in the following interaction:

Bain essentially directs this Court to sift through thousands of pages to deduce what damages it sought to have covered. As the Ninth Circuit recognized "[i]t behooves litigants, particularly in a case with a record of this magnitude, to resist the temptation to treat judges as if they were pigs sniffing for truffles." *Dzung Chu v. Oracle Corp.*, 627 F.3d 376, 386 (9th Cir. 2010); *see also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Rather, the burden to identify its claim belonged to Bain, and it failed to do so. *Liberty Surplus Ins. Corp. v. Allied Waste Sys.*, 758 F. Supp. 2d 414, 420 (S.D. Tex. 2010). Accordingly, the Court finds that Bain was not clear regarding its claim.

Similarly, and contrary to its argument, Bain stated that Main Street and the yard damages made up "most, if not all" of its claim. Logically, this leaves open the possibility that Bain sought coverage for other damages, beyond Main Street and the yards. Because Bain did not specify these damages, Bain could have sought damages for potentially uncovered claims, which is impermissible. *See Enserch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1494 (5th Cir. 1992). Again, due to Bain's lack of clarity, the Court is left with no manner to discern if Bain's claim was covered under the United Fire policy. Accordingly, Bain may have sought coverage for potentially uncovered claims. Therefore, the Court finds that Bain fails to identify a manifest error in this respect.

    c.    **David Varela**

The Court again finds that Bain's reliance on Mr. Varela's testimony is misplaced. First, Bain only cites testimony from Mr. Varela that was previously before the Court, and Rule 59(e)

---

    Q.    So when you made the claim with United Fire . . . what are you really pinning it down to? If you had to narrow the scope [] to what you're actually making the claim for with United Fire, [] is it the Main Street damages [] or what?
    A.    No. They [United Fire] were my carrier during that time period. They should have stepped up and insured me . . . . They just dumped it on Mountain States.
    Mr. White. I object as nonresponsive.
(*See* Bain Dep. 91).

does not exist to give Bain a second bite at the apple. *Sequa Corp.*, 156 F.3d at 144. Second, Bain fails to address the numerous portions of the record that demonstrate damages existed on Brown, McKinney, Lawson Streets, and most importantly Main, prior to the September 2013 Rainstorm. (ECF. No. 141, p. 12) (citing ECF. No. 67, p. 48; Reinhardt Dep. 64-65, ECF. No. 56-1; Zierleyn Dep. 134, ECF. No. 56-3; Plaintiffs' Second Amended Petition ¶ 31, ECF. No 51-5; Bain Dep. 46; Bain Dep. 124). Rather, Bain simply interprets the evidence differently and disagrees with the Court's factual findings, which is insufficient under Rule 52(b) and Rule 59(e).

Lastly, Bain again compounds its error by only referencing "the damages" without specifying the exact location, extent, and timing of the complained damages. (ECF. No. 146, p. 6-7). Without more, the Court is again left to guess what damages occurred before the September 2013 Rainstorm, after the September 2013 Rainstorm, or which claims are potentially uncovered. Accordingly, the Court finds that Bain does not identify a manifest error regarding its failure to demonstrate that its claims were covered.

### d. Lack of Segregation of Damages

The Court finds that Bain's argument regarding its failure to segregate damages again fails. In arguing that a failure to segregate damages does not completely preclude damages, Bain cites one lone case for the proposition that "the amount of damages to be awarded is within the Court's discretion." (ECF. No. 146, p. 9) (citing *Enserch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1495 (5th Cir. 1992)). Bain argues that, because it stated "the $200,000 settlement was intended '*primarily* for additional damages resulting from the September 2013 Storm,'" Bain should recover at least more than $100,000. (*Id*.).

First, the Court found against Bain on the issue of indemnification, which constitutes a sufficient reason to preclude all damages. Moreover, Bain overlooks the problem that some

damages, even those after the September 2013 Rainstorm, were potentially uncovered by United Fire's policy. Indeed, Bain even appears to acknowledge that some preexisting damages were exacerbated by the September 2013 Rainstorm, and would constitute uncovered claims. (ECF. No. 146, p. 7-9). Accordingly, Bain's covered damages could range from nothing (constituting the uncovered claims) to approximately $100,000 (constituting the covered claims). As such, the Court finds that Bain fails to identify a manifest error regarding its failure to segregate damages.

      e.      **Attorney's Fees**

Bain notes that it did not move for attorney's fees, because "[t]he Court had not found in favor of Bain and had not ordered Bain to move for its attorneys' fees and costs." (ECF. No. 146, p. 10). First, as noted above, Bain fails to identify a manifest error requiring a new trial. Second, Bain's Motion for New Trial comes over a month after the entry of the Court's Findings of Fact and Conclusions of Law. Bain does not argue, much less demonstrate, excusable neglect for the lengthy delay of a potential motion for attorney's fees. *See* Fed. R. Civ. P. 6(b); 54(d). Accordingly, the Court finds that Bain's attorney's fees argument also fails.

**IV.    CONCLUSION**

In its Motion for New Trial, Bain does not argue a change in the law, does not allege newly discovered evidence, and cites no case law for all but one of its arguments. Rather, Bain points to evidence previously before the Court and asks the Court to rule in its favor. Consequently, it appears that Bain simply disagrees with the Court's factual findings, which cannot constitute the basis of a Rule 52(b) or Rule 59(e) motion. In sum, "[the Court] do[es] not countenance the [Plaintiff's] request for a do-over." *Interstate Fire & Cas. Co.*, 622 F. App'x at 422.

Accordingly, based on the foregoing, **IT IS HEREBY ORDERED** that "Plaintiff Bain Enterprises, LLC d/b/a Bain Construction's Motion to Amend Conclusions of Law, Motion to Amend Judgment, and Motion for New Trial" (ECF. No. 146) are **DENIED**.

**SIGNED** and **ENTERED** this 25th day of September, 2017.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**